UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TAPRICIA DLAINE MCGUFFEY,

          Petitioner,                    Case No. 1:24-cv-1346

v.                                      Honorable Paul L. Maloney

KATHLEEN P. HEMINGWAY et al.,

          Respondents.
_____/

## OPINION

Petitioner TaPricia DLaine McGuffey initiated this action on December 26, 2024, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), as well as a motion for a writ of mandamus (ECF No. 2). Petitioner requests the dismissal of the state criminal charges pending against her in the 8th District Court in Kalamazoo, Michigan. Petitioner paid the $5.00 filing fee.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

petition that Petitioner is not entitled to relief because she has failed to exhaust her state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I.    Factual Allegations

On February 28, 2024, Petitioner was charged with fourth-degree child abuse in the 8th District Court in Kalamazoo County, Michigan. *See* Register of Actions, *State of Michigan v. McGuffey*, No. 2024-2408660SM-SM (Kalamazoo Cnty. Dist. Ct.), https://micourt.courts.michigan.gov/case-search/court/D08 (enter "McGuffey" for "Last Name or Business," enter "TaPricia" for "First Name," select "Search," then select the link for Case ID "2024-2408660SM-SM") (last visited Jan. 22, 2025). A complaint was filed on May 24, 2024. *Id.* On June 11, 2024, Defendant appeared for her arraignment and posted bond. *Id.*

The public record indicates that a jury trial was scheduled for July 18, 2024, but that Petitioner failed to appear on that date. *Id.* The District Court issued a bench warrant for failure to appear and generated an order forfeiting Petitioner's bail. *Id.* The last notation on the record indicates that Petitioner's bond was forfeited on August 26, 2024. *Id.*

Petitioner has now filed a § 2241 petition, naming as Respondents the Honorable Kathleen P. Hemingway, 8th District Court Clerk Kevin Tatroe, the State of Michigan, Jeffrey S. Gettings, Sydney Plochocki, the Kalamazoo Police Department, Lauren Patterson, Todd Nunn, and the Michigan Department of Health and Human Services. Petitioner's § 2241 petition is replete with language commonly used by those who refer to themselves as sovereign citizens. For example, Petitioner refers to herself as a "constitutionally acknowledged and protected de jure private Citizen privately living within the unincorporated union member of state of Michigan boundaries." (§ 2241 Pet., ECF No. 1, PageID.1.) She notes that she is "specially dwelling within a non-military

2

occupied private estate outside a 'Federal Zone' and not subject to the jurisdiction of the municipal nor military 'United States.'" (*Id.*)

Petitioner suggests that she has been falsely accused of fourth-degree child abuse, as well as for failing to appear for the trial scheduled for July 18, 2024. (*Id.*) She avers that Respondents have failed to respond to her various notices, including a Notice of Conflict or Variance of Law, Notice of Special Visitation, Mandatory Judicial Notice, Notice of Subrogation, Special Deposit, Writ of Quo Warranto, and Writ of Discovery. (*Id.*, PageID.2.)

Petitioner claims that she was present in the courtroom on July 18, 2024, and that Respondent Hemingway, the presiding district judge, did not show up for the 8:00 a.m. trial until 8:35 a.m. (*Id.*, PageID.3.) Respondent Hemingway "stated that the only people who were allowed to speak in court were the people at the counsel table." (*Id.*) She asked that Ms. McGuffey "join the counsel table." (*Id.*) Petitioner states that "[t]here is no such thing, or person as 'Ms. McGuffey.'" (*Id.*) Petitioner indicated that "she was not an employee of the court, and that [she] could not pass the BAR threshold." (*Id.*) Instead, Petitioner held up a folder with a birth certificate and stated that the person that the court was requesting was present. (*Id.*, PageID.3–4.)

Respondent Hemingway indicated that whoever was speaking in the gallery was interrupting court proceedings, and that the individual would be removed if it continued. (*Id.*, PageID.4.) Petitioner then stated, "I'm here by Special Appearance as beneficiary/heir of the Estate TaPRICIA DLAINE MCGUFFEY an implied surety for the above reference and the insolvent principal debtor now coming in as subrogee to settle any lawful claim using my right to subrogation." (*Id.*) Respondent Hemingway then stated that it was 8:37 a.m. and "no one has appeared for the 8:00 a.m. jury trial." (*Id.*) Petitioner protested, stating that the person being

3

referenced was "right here, appearing." (*Id.*) Petitioner tried to pass the folder containing her birth certificate to an employee of the court to give to the judge, but that individual refused. (*Id.*)

>Respondent Hemingway then stated:
>
>"I see that the court's request is not being complied with. Is anyone at the defense or podium wishing to address the court properly. At this time a bench warrant will authorize unless Ms. McGuffey wishes to participate in the court proceedings. Appearing that no one has passed the threshold the bench warrant will authorize. Court stands in recess."

(*Id.*) Respondent Hemingway left the bench. (*Id.*) Petitioner then stated, "I will take the court. Please know that the judge has abandoned the court, and has abandoned ship. I am the Sovereign in this room and have authority. The case is now dismissed with cause and prejudice." (*Id.*)

Petitioner goes on to state that on August 12, 2024, she sent numerous documents via certified mail to the 8th District Court for filing. (*Id.*) Those documents included a Bid Bond, Performance Bond, Performance Bond for Other than Construction Contracts, Payment Bond, Payment Bond for Other than Construction Contracts, Consent of Surety, Release of Lien on Real Property, Release of Personal Property from Escrow, Affidavit of Truth, and a Notice of No Bond on Record to Initiate the Matter Regarding Cause #2408660SM-SM. (*Id.*, PageID.4–5.) Petitioner argues that those documents were never "uploaded to the docket." (*Id.*, PageID.4.)

Based on the foregoing, Petitioner suggests that Respondents have engaged in "malicious prosecution, [d]ishonor, and [t]rademark [i]nfringement." (*Id.*, PageID.5.) She argues that the cause should be dismissed, and she should be exonerated from all charges. (*Id.*) Petitioner suggests that she is entitled to exoneration due to "lack of proof of authority and jurisdiction." (*Id.*) She argues that Respondents' "failure to provide proof of de jure authority constitutes their actions as ultra vires and by operation of law their charter is dissolved, a trust arises, and [Petitioner] becomes the beneficiary of said trust." (*Id.*) Aside from dismissal of the charges, Petitioner also seeks "an [i]njunction for [t]rademark [i]nfringement." (*Id.*, PageID.6.)

4

## II.     Motion for Writ of Mandamus (ECF No. 2)

Petitioner has also filed a motion for writ of mandamus, asking that the Court "compel[] the above-named Respondents to perform their ministerial duties." (ECF No. 2, PageID.145.) Petitioner believes that Respondents have failed to perform their duties by issuing a bench warrant against her and infringing upon her rights. (*Id.*, PageID.146.)

Petitioner indicates that she is seeking mandamus relief pursuant to 28 U.S.C. § 1361. (*Id.*) That statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361.

Section 1361, by its terms, applies only to officers or employees of the United States and does not apply to state officials. *See Knox v. Unknown Party*, No. 1:18-cv-362, 2018 WL 2382002, at *2 (W.D. Mich. May 25, 2018), *aff'd sub nom. Knox v. Unknown Parties*, No. 18-1734, 2019 WL 2422799 (6th Cir. Jan. 2, 2019). Here, Petitioner seeks mandamus relief against state officials. This Court, however, simply has no authority to issue writs of mandamus to direct state officials to conform their actions and conduct to state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Haggard v. Tennessee*, 421 F.3d 1384, 1386 (6th Cir. 1970) (noting that "federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties").

Moreover, "[m]andamus is an extraordinary remedy and will not lie if other remedies are available." *Lifestar Ambulance Serv. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004). Here, Petitioner's request for mandamus relief essentially overlaps with the relief she seeks in her § 2241 petition. For the foregoing reasons, the Court cannot grant Petitioner the mandamus relief she seeks. Accordingly, her motion for a writ of mandamus (ECF No. 2) will be denied.

### III.    In Custody Requirement

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As noted above, Petitioner was initially released on bond, but a bench warrant was issued when she failed to appear for the trial scheduled for July 18, 2024. In light of that warrant, the Court assumes, without deciding, that Petitioner has satisfied the custody requirement for purposes of § 2241. *See Hensley v. Mun. Ct., San Jose Milpitas Judicial Dist., Santa Clara Cnty., Cal.,* 411 U.S. 345, 351 (1973) (concluding that a criminal defendant who had been convicted by a state court and released on personal recognizance pending execution of his sentence was nonetheless in custody because he was "subject to restraints 'not shared by the public generally,' like the obligation to appear at court proceedings (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)).

### IV.    Exhaustion Under § 2241

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Although petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546 & n.1; *see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context,

'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins*, 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

Here, none of Petitioner's claims fall within any of the above-listed exceptional circumstances. As noted above, Petitioner essentially suggests that the state criminal charge against her is unconstitutional and seeks the dismissal of the charge. Such relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against her, her habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, she would still have to exhaust his available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront

7

initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Nowhere in her petition does Petitioner indicate that she has sought relief in the state courts for her present claims. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Alternatively, the state habeas corpus remedy may provide a means to obtain relief. Relief under § 2241 is not available until after Petitioner has pursued and exhausted her state court remedies.

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment denying Petitioner's motion for a writ of mandamus (ECF No. 2), dismissing her § 2241 petition for lack of exhaustion, and denying a certificate of appealability.

Dated:  January 28, 2025                         /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge